Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Sophy J. Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

Attorneys for Plaintiffs
Escrow Hill Ltd. and
Administration Services, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ESCROW HILL LTD., a New Zealand limited liability company; and ADMINISTRATION SERVICES, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EC SERVICES CORPORATION, a California corporation dba Escrow.com; FRED MORGAN, an individual; and BRANDON ABBEY, an individual,<br><br>Defendants. | No.: 8:15-cv-53<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE SHERMAN ACT (15 U.S.C. § 2), THE CARTWRIGHT ACT (CAL. BUS. & PROF. CODE § 16700), CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200), AND COMMON LAW MONOPOLY**<br><br>**DEMAND FOR JURY TRIAL** |

# I. NATURE OF THE ACTION

1. Plaintiffs Escrow Hill Ltd. and Administration Services, LLC bring this action against Defendants EC Services Corporation, dba Escrow.com ("Escrow.com"), Fred Morgan, and Brandon Abbey to recover damages and restrain an impending merger that will result in a monopoly and substantial harm to competition.

2. Through these actions, Defendants illegally monopolized and attempted to monopolize the Internet escrow services market in violation of the federal Sherman Act and California Cartwright Act.

3. Escrow Hill Ltd. and Administration Services, LLC seek to recover monetary damages, three times their actual damages, attorney's fees, and injunctive relief.

# II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the first Count of this Complaint under 28 U.S.C. § 1331 because Defendants violated Section 2 of the Sherman Act, 15 U.S.C. § 2. Plaintiffs seek redress for Defendants' monopolization and attempted monopolization of the Internet escrow business for personal property.

5. This Court has subject-matter jurisdiction over Count II of this Complaint, California's Cartwright Act (Cal. Bus. & Prof. Code § 16700 et seq.), under 28 U.S.C. § 1367 because the facts underlying this count share a common nucleus of operative facts and law with the remaining Counts of this Complaint.

6. This Court has subject-matter jurisdiction over Count III of this Complaint, California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), under 28 U.S.C. § 1367 because the facts underlying this count share a common nucleus of operative facts and law with the remaining Counts of this Complaint.

7. This Court has subject-matter jurisdiction over Count IV of this

Complaint, the common law of anti-monopoly, under 28 U.S.C. § 1367 because the facts underlying this count share a common nucleus of operative facts and law with the remaining Counts of this Complaint.

8. This Court has personal jurisdiction over defendant EC Services Corporation, which does business as Escrow.com, because Escrow.com is a California corporation authorized to and doing business in the State of California, County of Orange. Escrow.com is located in and transacts significant business within this judicial district, and crafted the conduct giving rise to this complaint within this judicial district.

9. This Court has personal jurisdiction over defendant Fred Morgan because he resides in Orange County, California in this judicial district. Morgan transacts significant business within this judicial district, and crafted the conduct giving rise to this complaint within this judicial district.

10. This Court has personal jurisdiction over defendant Brandon Abbey because he resides in Orange County, California in this judicial district. Abbey transacts significant business within this judicial district, and crafted the conduct giving rise to this complaint within this judicial district.

11. Venue is proper in this Court under 28 U.S.C. § 1391 and 15 U.S.C. § 22 because all defendants reside in this judicial district and all events giving rise to the claims occurred in Orange County, California.

### III. PARTIES

12. Plaintiff Escrow Hill Ltd. ("Escrow Hill") is a New Zealand private limited company. Escrow Hill Ltd.'s principal place of business is in Auckland, New Zealand.

13. Plaintiff Administration Services, LLC ("Admin Services") is a Nevada limited-liability company. Admin Services's principal place of business is in Orange County, California.

14. Defendant Fred Morgan resides in Orange County, California. He is

Escrow.com's Chief Executive Officer (CEO), chairman of its board of directors, and sole shareholder. Together with Abbey, Morgan controls all Escrow.com's activities. Morgan caused, approved, and ratified all acts described in this Complaint that gave rise to the Claims and violated Plaintiffs' rights.

15. Defendant Brandon Abbey resides in Orange County, California. He is Escrow.com's President. Abbey controls all Escrow.com's day-to-day business and together with Morgan all Escrow.com's activities. Abbey caused, approved, and ratified all acts described in this Complaint that gave rise to the Claims and violated Plaintiffs' rights.

16. Escrow Hill operates an Internet escrow service competing with Escrow.com.

17. Admin Services provides administration and marketing services to Escrow Hill related to Escrow Hill's Internet escrow business.

18. According to Escrow.com's website, it is the worldwide leader in online escrow services and has handled over $2 billion in transactions since it was founded in 1999.

19. Escrow.com specifically promotes its escrow services to buyers and sellers of Internet domain names, but also accepts other personal property transactions, including automobile sales.

20. Until recently, Escrow.com was one of only two licensed escrow companies in the United States to offer products, services, and systems specifically designed for the domain-name industry and online personal-property transactions.

21. Escrow.com's only meaningful competition for domain-name escrow services has been Agreed Escrow, Inc. ("Agreed.com").

22. As market competitors, Escrow.com and Agreed.com naturally compete for customers.

**A.     Market definitions and market power**

23. For purposes of this complaint, the relevant product market is Internet

escrow for personal property transactions. The market is sometimes called the Internet escrow market or the online escrow market. The relevant geographic market is the United States of America.

24.  Before the below-described merger with Agreed.com, Escrow.com had a majority of the market share in the United States and the world. After the merger, Defendants will have nearly 100% of the United States market share and an estimated 95% of the world.

**B.   The Internet escrow market**

25.  In the days before the advent and prevalence of the Internet, escrow transactions were typically conducted by brick-and-mortar companies, either specializing in escrow transactions or also providing banking or other financial services. With the advent of the Internet, escrow became possible without a brick and mortar location, and easy for a variety of personal-property transactions.

26.  Contemporaneously with the development of the Internet came a need for personal-property transaction escrow. Unlike an in-person transaction where buyer and seller can be known to each other and personal property exchanged at the same time as payment, an Internet transaction requires either that payment be sent before goods are received or that goods are sent without payment in hand. Escrow is one of the few mechanisms to eliminate transactional uncertainty over the Internet, and the demand for it has steadily increased.

27.  Also with the development of the Internet came the development of Internet domain-name businesses and the trading of Internet domain names. A domain name is personal property that can be bought, told and traded. A domain name can be used as the Internet address that identifies the location of an Internet location, such as a website. Subject to certain restrictions, Internet domain names can be purchased and sold like any commodity. The market for Internet domain names is worldwide, and it is not uncommon to have a domain-name transaction involve a buyer and a seller in different parts of the world. Internet escrow takes

some of the risk out of Internet domain-name buying and selling by allowing the purchase price and domain-name ownership to be escrowed. There is a significant consumer need for Internet escrow services that accept personal-property transactions.

28. Escrow.com recognized the need and potential for Internet escrow services related to personal property, and in approximately 1999 Escrow.com's then-parent corporation, brick-and-mortar escrow company Fidelity National Financial, formed the first Internet escrow company offering these services. Escrow.com grew to become the industry leader, and by 2013 had only one meaningful competitor, Agreed.com.

29. Other escrow providers, such as escrow services offering real-property acquisition escrow, do not generally offer personal property escrow services nor do they offer Internet escrow. And while some Internet merchants or brokers offer escrow services, many use Escrow.com to provide that service. Only two other known services accept third-party domain name transactions, and none accept other personal property transactions from third parties like Escrow.com does. There are accordingly no viable substitutes for Internet personal-property escrow services like Escrow.com.

30. Online escrow companies must obtain separate government approvals than traditional escrow companies.

**C.   Defendants have engaged in monopolistic conduct to date and their acquisition of Agreed.com will harm competition in the market for Internet escrow services.**

31. On September 25, 2014, Defendants announced the acquisition of Agreed.com in a press release, admitting that the only competitors in the Internet escrow market are Escrow.com and Agreed.com, stating:

> Escrow.com, the worldwide leader in providing safe and secure Internet transactions, today announced the acquisition of Agreed.com, a Thought Convergence, Inc. property. **This acquisition brings together**

5
COMPLAINT

**the only two licensed escrow companies in the United States that have products, services, and systems specifically designed for the domain community and online personal property transactions.**

32. Defendant Brandon Abbey stated that the result of the acquisition would be to "bring[] together the only government-licensed and audited, insured, and bonded personal property Internet escrow companies in the world."

33. Upon information and belief, the merger is not yet final and Agreed.com is still capable of independently providing Internet escrow services.

34. The California Department of Business Oversight lists only four licensed online-escrow services. Two belong to Escrow.com (operating through wholly-owned subsidiary Internet Escrow Services, Inc.) and Agreed.com. The third, Elance, Inc., is an online freelance referral network that connects writers and other professionals with employers. Elance uses its escrow license to facilitate payments from employers to freelancers, and does not offer Internet escrow services for personal property transactions like Escrow.com does. Elance does not compete in the market for online escrow services. The fourth, Armor Escrow, Inc., markets its services only to businesses and does not offer consumer personal property transactions like Escrow.com does.

35. Accordingly, if the merger is finalized, Defendants will have the only escrow service business offering Internet personal property escrow services licensed in California, and on information and belief only one of two in the world—Escrow Hill and Escrow.com.

36. Escrow.com wants to merge with Agreed.com in order to create a monopoly.

37. Even before the announced merger, on information and belief, Defendants and Agreed.com acted in concert to restrain trade, obtain a monopoly, and drive out competition, including by entering into agreements governing employees and other operational matters.

38. Escrow Hill entered the field of Internet escrow transactions in 2014. Escrow Hill is Escrow.com's business competitor in the online escrow market. But Escrow Hill does not do anywhere near the volume of business as Defendants. Escrow Hill does not yet transact business in California because Escrow.com's monopoly of the California field makes competition impossible.

39. Escrow Hill has been and will continue to be directly harmed by Escrow.com's anti-competitive conduct because Defendants will be able to control prices in the market. Admin Services has been and will be harmed as a proximate cause of Escrow.com's anti-competitive conduct by losing business it could perform for Escrow Hill.

40. Defendants possess or will possess monopoly power in the Internet escrow market.

41. Defendants have, or will acquire through the Agreed.com merger, the power to control prices and/or exclude competition.

42. Defendants' ability to control prices and/or exclude competition may be inferred from Escrow.com's predominant share of the online escrow market.

43. Defendants possess or will possess monopoly power in the Internet escrow market through willful acquisition or maintenance of that monopoly power by merger and agreement with competitors, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.

44. United States and California consumers have been and will continue to be directly harmed because they do not have a choice in Internet escrow services for personal property transactions and because Defendants will acquire complete price-fixing power if the merger is complete. Consumers worldwide are harmed by Defendants' price-fixing power and monopoly.

## IV. COUNT I
## (ATTEMPTED OR UNLAWFUL ACQUISITION OR MAINTENANCE OF MONOPOLY MARKET POWER IN MARKET FOR INTERNET ESCROW SERVICES IN VIOLATION OF 15 U.S.C. § 2)

45. Plaintiffs hereby incorporate by reference all of the allegations of this complaint with the same force and effect as if fully restated within this particular Count I section.

46. By acquiring Agreed.com, Defendants will possess monopoly market power in the United States and world markets for Internet escrow transactions for personal property.

47. Defendants intend to possess monopoly power through Escrow.com and Agreed.com.

48. Given the prevalence of Internet personal property and domain-name transactions, both buyers and sellers have a need for escrow services. Conventional escrow services offering real property or other escrow do not offer personal property or domain name services and are thus not a substitute.

49. There is no substitute for Internet escrow services. Customers in the Internet escrow services cannot turn to other companies or markets if there is an increase in the price of Internet escrow services.

50. Another reason there is no substitute for Internet escrow services is because Escrow.com and Agreed.com are the only licensed Internet escrow-service providers.

51. Defendants seek to acquire their monopoly market power not through superior skill, business acumen, or enterprise, but rather through the foregoing anticompetitive merger.

52. Defendants' monopolization of the United States and worldwide markets has injured Plaintiffs and consumers by suppressing competition in this relevant market, and forcing consumers to pay supra-competitive prices for escrow services.

53. In the alternative, Defendants attempted and/or are attempting each of

these actions and there is a dangerous possibility that Defendants will succeed in doing so unless restrained.

## V. COUNT II
### (VIOLATION OF CALIFORNIA'S CARTWRIGHT ACT, CALIF. BUS. AND PROFESSIONS CODE SECTION 16700 ET. SEQ.)

54. Plaintiffs hereby incorporate by reference all of the allegations of this complaint with the same force and effect as if fully restated within this particular Count II section.

55. By acquiring Agreed.com, Defendants will possess monopoly market power in the market for Internet escrow transactions for personal property.

56. Defendants intend to possess monopoly power through Escrow.com and Agreed.com.

57. Given the prevalence of Internet personal property and domain-name transactions, both buyers and sellers have a need for escrow services. Conventional escrow services offering real property or other escrow do not offer personal property or domain name services and are thus not a substitute.

58. There is no substitute for Internet escrow services. Customers in the Internet escrow services cannot turn to other companies or markets if there is an increase in the price of Internet escrow services.

59. Another reason there is no substitute for Internet escrow services is because Escrow.com and Agreed.com are the only licensed Internet escrow-service providers.

60. Defendants seek to acquire their monopoly market power not through superior skill, business acumen, or enterprise, but rather through the foregoing anticompetitive merger.

61. Through the conduct alleged in this complaint, Defendants have violated the California Cartwright Act, California Business and Professions Code Section 16700 et. seq.

62. Defendants' violations of the Cartwright Act have injured Plaintiffs in

their business and/or property by, among other things, suppressing competition and preventing Plaintiffs from competing fairly.

## VI. COUNT III
### (VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CALIF. BUS. AND PROF. CODE SECTION 17200 ET. SEQ.)

63. Plaintiffs hereby incorporate by reference all of the allegations of this complaint with the same force and effect as if fully restated within this particular Count III section.

64. Defendants' conduct as described above amounts to an unlawful and/or unfair business practice within the meaning of the California Unfair Competition Law, California Business and Professions Code, Section 17200 et. seq., including by threatening an incipient violation of an antitrust law.

65. Defendants' violations of California's Unfair Competition Law have injured Plaintiffs by, among other things, suppressing competition and preventing Plaintiffs from competing fairly.

## VII. COUNT IV
### (COMMON LAW MONOPOLIZATION)

66. Plaintiffs hereby incorporate by reference all of the allegations of this complaint with the same force and effect as if fully restated within this particular Count IV section.

67. By acquiring Agreed.com, Defendants will possess monopoly market power in the California market for Internet escrow transactions for personal property.

68. Defendants intend to possess monopoly power through Escrow.com and Agreed.com.

69. Given the prevalence of Internet personal property and domain-name transactions, both buyers and sellers have a need for escrow services. Conventional escrow services offering real property or other escrow do not offer personal property or domain name services and are thus not a substitute.

70. There is no substitute for Internet escrow services. Customers in the Internet escrow services cannot turn to other companies or markets if there is an increase in the price of Internet escrow services.

71. Another reason there is no substitute for Internet escrow services is because Escrow.com and Agreed.com are the only licensed Internet escrow-service providers.

72. Defendants seek to acquire their monopoly market power not through superior skill, business acumen, or enterprise, but rather through the foregoing anticompetitive merger.

73. Defendants' acts as described above constitute unlawful monopolization under the common law.

74. As a result of Defendants' unlawful monopolization under the common law, Plaintiffs have been injured in their business and/or property.

## VIII. PRAYER FOR RELIEF

Based on the facts and claims described above, Plaintiffs Escrow Hill Ltd. and Administration Services, LLC ask this Court to enter judgment against Defendants EC Services Corporation, Fred Morgan, and Brandon Abbey, and against all Escrow.com's subsidiaries, parents, affiliates, agents, servants, employees, and all persons in active concert or participation with any defendant, granting the following relief:

1. A judgment or order declaring Defendants' conduct, as alleged, unlawful.

2. A judgment, order, or award of damages adequate to compensate Plaintiffs for Defendant' illegal monopolization of the Internet escrow market, or their attempted monopolization of that market, based on lost sales, lost profits, price erosion, loss of market share, or any other applicable theory, together with prejudgment interest from the date the illegal monopolization began;

3. A judgment requiring Defendants to disgorge their ill-gotten gains, and awarding the proceeds of this disgorgement to Plaintiffs;

4. A permanent injunction prohibiting Defendants from further illegal monopolization and attempted monopolization of the Internet escrow market;

5. An award to Plaintiffs of their reasonable attorney's fees and costs under 15 U.S.C. § 15 or as otherwise allowed by law;

6. Treble damages under 15 U.S.C. § 15; and

7. Awarding such other relief as this Court deems just and appropriate.

Dated January 14, 2015.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: /s/Derek Newman
Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
Sophy J. Tabandeh, State Bar No. 287583

Attorneys for Plaintiffs
Escrow Hill Ltd. and
Administration Services, LLC

# JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

Dated January 14, 2015.

                                          Respectfully Submitted,

                                          **NEWMAN DU WORS LLP**

By: /s/Derek Newman
      Derek A. Newman, State Bar No. 190467
      *derek@newmanlaw.com*
      Sophy J. Tabandeh, State Bar No. 287583
      *sophy@newmanlaw.com*

      Attorneys for Plaintiffs
      Escrow Hill Ltd. and
      Administration Services, LLC